UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MOHAMMED ABUJAYYAB,                                    Civil Docket No.
                                Plaintiff,

                                                       **COMPLAINT**

             -against-

                                          **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY POLICE DEPARTMENT,
and NEW YORK CITY POLICE OFFICERS "JOHN DOE
1-10."
                                      Defendants.
-------------------------------------------------------------------X

       Plaintiff, MOHAMMED ABUJAYYAB, ("Abujayyab" and "Plaintiff") by and through his attorneys, The Aboushi Law Firm, PLLC., complaining of the defendants, respectfully allege as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. On the evening of April 29, 2015 at approximately 6:30 P.M., Plaintiff was present at the intersection of Broadway and 17th Street in New York, New York as a participant in and observer of a march in protest of the killing of Freddie Gray of Baltimore who died in police custody due to police brutality and excessive force. The march was also in support and furtherance of police reformation and accountability.

3. Plaintiff, as well as approximately twelve other eventual mass arrestees ("mass arrestees"), had observed or joined the march in question at various points throughout Manhattan prior to the incident complained of herein.

4. Following Plaintiff's participation in and observation of the march, the Defendants subjected Plaintiff to pre-planned, calculated, and illegal tactics, through which the Defendant "John Doe" POLICE OFFICERS effected mass arrests and detentions of Plaintiff and mass arrestees by grabbing protestors whose arms were locked with other arrestees. As Plaintiff's arms were locked with fellow arrestees, Defendant "John Doe" POLICE OFFICERS surrounded Plaintiff and other participants who were locking arms and attempted to disband them by pushing, pulling, shoving and punching them and arresting substantially all persons whose arms broke free.

5. Defendant "John Doe" POLICE OFFICERS grabbed Plaintiff and punched him several times in his face, neck and chest. Defendant "John Doe" POLICE OFFICERS then violently shoved, pulled and dragged Plaintiff out of the crowd.

6. The Defendant "John Doe" POLICE OFFICERS effected the arrest and detention of Plaintiff despite the absence of probable cause and without warning Plaintiff that their conduct would lead to arrests, and without providing a reasonable opportunity or a viable avenue for Plaintiff to disperse. Plaintiff was compliant at all times with the Defendant "John Doe" POLICE OFFICERS' orders and commands, which substantially were given only after Plaintiff was arrested.

7. Defendant "John Doe" POLICE OFFICERS' assault on Plaintiff was captured live by MSNBC, cell phone video and other news channels.

8.  Defendant "John Doe" POLICE OFFICERS pulled Plaintiff from the crowd with such force that his shirt was ripped. Plaintiff was then slammed to the ground and his hands were tightly tied behind his back with a zip line causing him to lose feeling in his left hand.

9.  Plaintiff was then placed inside a corrections bus filled with 10-12 other arrestees. Plaintiff was not told why he was arrested, nor was he read his Miranda rights. Plaintiff was kept in the bus for at least two hours where it was stationed. The bus then took Plaintiff to 429 Pearl Street (1 Police Plaza). During the drive to NYPD Headquarters, the driver was speeding, deliberately accelerating then stopping and making sharp turns, which violently threw Plaintiff and other passengers into each other and from one side of the bus to the other. Plaintiff was arrested, detained, and then released without charges.

10. We respectfully submit that the Defendant "John Doe" POLICE OFFICERS' deployment of the aforementioned tactics was both the direct as well as the indirect result of policies and practices approved, condoned, and ratified by Defendants CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT.

11. Still further, we submit that Defendants CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT have approved, condoned, and ratified these indiscriminate violent arrest tactics both directly as well as indirectly for the purposes of chilling individuals' First Amendment protected rights and retaliating against individuals for their legal exercise of the same.

12. In sum, Plaintiff  MOHAMMED ABUJAYYAB brings this action in a quest for answers as to why he was retaliated against for his legal exercise of his First Amendment protected rights to free speech and association; subjected to violent, brutal, indiscriminate and illegal arrest tactics; detained for varying lengths of time, brutalized, and subjected to prosecution in the absence of any criminal conduct or wrongdoing.

## II. JURISDICTION

13. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

14. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III. VENUE

15. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because Defendant CITY OF NEW YORK maintains its primary and relevant place(s) of business in this district.

## IV. JURY DEMAND

16. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V. THE PARTIES

17. The Plaintiff MOHAMMED ABUJAYYAB is a resident of the City of New York, County of Kings, State of New York.

18. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

19. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, CITY OF NEW YORK.

20. That at all times hereinafter mentioned, the Defendant New York City Police Officers "John Does 1-10" (individually, "Defendant OFFICER JOHN DOE"; collectively, "Defendant 'John Doe' POLICE OFFICERS"), were duly sworn Police Officers of said department and were acting under the supervision of said department and according to their official duties.

21. That at all times relevant to this action, the Defendant "John Doe" POLICE OFFICERS, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

## VI. FACTUAL ALLEGATIONS

22. On or about the 24th day of May, 2015, and within ninety (90) days after the claim herein arose, the Plaintiffs served a Notice of Claim in writing sworn to on their

behalf upon Defendant CITY OF NEW YORK, by delivering a copy thereof in duplicate to the officer designated to receive such process personally, which Notice of Claim advised the Defendant CITY OF NEW YORK, of the nature, time, place, and manner in which the claim arose, the items of damage and injuries sustained so far as was then determinable.

23. All conditions and requirements precedent to the commencement of this action have been complied with.

24. On August 31, 2015 the oral examination of the Plaintiff was conducted in compliance with Section 50-H of the General Municipal law.

25. At least thirty (30) days have elapsed since the service of the claim prior to the commencement of this action and adjustment of payment thereof has been neglected or refused, and this action has been commenced within one year and ninety days after the happening of the event upon which the claims are based.

26. On Wednesday April 29, 2015 at approximately 6:30 P.M., Plaintiff headed towards Broadway and 17th Street to join a group that was marching in response to the death of Freddie Gray of Baltimore, Maryland, who died in police custody. Marchers also protested against police brutality and in support of police reformation and accountability.

27. At the intersection of Broadway and 17th Street, NYPD lined the streets with guardrails to prevent persons from crossing the street in either direction.

28. Participants of the march began heading north towards Midtown. Plaintiff went to 6th Avenue and later joined another group of people in the march. Plaintiff started walking towards Time Square.

29. Police Officers were blocking the group's access to the street and were actively pushing and intimidating protestors.

30. Plaintiff continued to march until he reached Time Square at around 9:00 P.M. The group grew large and overflowed from the sidewalk into the street.

31. Plaintiff locked arms with fellow marchers forming a human chain to mark the line where the protest starts. Police Officers began simultaneously charging towards Plaintiff and other marchers from multiple directions without cause.

32. Plaintiff was part of the chain locking arms with an African American male and a Caucasian female.

33. An officer wearing a white shirt grabbed Plaintiff towards him and another officer in a white shirt repeatedly punched Plaintiff about the face and head.

34. Plaintiff attempted to break from the officer's hold but was pushed and punched further. The officer pulled Plaintiff from the crowd with such force that his shirt was ripped.

35. Plaintiff was then slammed to the ground. Plaintiff's hands were tightly tied behind his back with a flex cuff causing him to lose feeling in his left hand.

36. Following the illegal arrest of Plaintiff, the Defendant "John Doe" POLICE OFFICERS ordered Plaintiff to board one of several buses owned by Defendant CITY OF NEW YORK that were located near Times Square ("Municipal Buses").

37. Upon information and belief, the Municipal Buses were waiting in Times Square because the Defendants had planned, in advance, to conduct the indiscriminate and illegal arrest and conduct complained of herein.

38. Plaintiff was then placed inside a Municipal Bus filled with 10-12 other protestors.  Plaintiff was not told why he was arrested, nor was he read his Miranda rights. Plaintiff was kept in the bus for at least 2 hours where it was stationed.

39. In that time, Plaintiff's flex cuffs were replaced following his numerous complaints that his initial flex cuffs were applied so tightly that his hands were turning blue and he had lost feeling in them.

40. At or around this time, Police Officers or agents of Defendant CITY OF NEW YORK drove the Municipal Buses and police vans, containing arrested Plaintiff to One Police Plaza.

41. During the drive to NYPD Headquarters, the driver was speeding, deliberately accelerating then stopping and making sharp turns, which violently threw Plaintiff into other passengers and from one side of the bus to another.

42. Upon arriving at one Police Plaza, Plaintiff was not escorted by his arresting officer. An officer for another arrestee placed his name on Plaintiff's arresting information to finish processing at the police station.

43. The fill-in arresting officer made multiple requests for Plaintiff's release due to his lack of knowledge and information of Plaintiff's arrest and due to the processing officer's lack of knowledge and information of Plaintiff's arrest circumstances, but these requests were ignored.

44. Upon being photographed Plaintiff was placed in a holding cell with approximately ninety (90) other males. The male and female mass holding cells

within One Police Plaza were only equipped with one toilet, one bed, and one sink per cell.

45.  Plaintiff MOHAMMED ABUJAYYAB having already spent four hours, handcuffed, sitting, and waiting on the Municipal Bus — was uncomfortable, frightened and humiliated in the holding cells within One Police Plaza.

46. Plaintiff was held against his will in the cell for approximately three (3) hours until the Defendant "John Doe" POLICE OFFICERS informed Plaintiff his arrest was annulled and Defendant "John Doe" POLICE OFFICERS released Plaintiff at approximately 4:00 A.M.

47. At no point before Defendant "John Doe" POLICE OFFICERS assaulted Plaintiff did Defendant "John Doe" POLICE OFFICERS warn Plaintiff that he was engaged in conduct that would warrant his arrest.

48. At no point before Defendant "John Doe" POLICE OFFICERS assaulted Plaintiff did Plaintiff intentionally cause public inconvenience, annoyance, or alarm.

49. At this time, the Defendant "John Doe" POLICE OFFICERS had neither personally observed nor acquired information of facts or circumstances that were sufficient to warrant them in the belief that Plaintiff and mass arrestees had committed or were committing constitutionally cognizable crimes or violations of any sort.

50. At this time, there were no facts or circumstances present that were sufficient to warrant a person of reasonable caution in the belief that Plaintiff had committed constitutionally cognizable crimes or violations of any sort.

51. At this time, Plaintiff had not committed crimes or violations of any sort, but had only exercised his First Amendment protected rights to free speech and association.

52. At or around this time, the Defendant "John Doe" POLICE OFFICERS handcuffed and arrested Plaintiff MOHAMMED ABUJAYYAB, despite the fact that Plaintiff MOHAMMED ABUJAYYAB was not engaged in any illegal activity of any kind.

53. Upon information and belief, instead of creating and subsequently enforcing content neutral policies and practices that delineate the circumstances under which persons can peaceably assemble without threat of arrest by officers and agents of Defendant CITY OF NEW YORK, Defendants have relied upon vague and inconsistently applied customs and practices for policing group assemblies.

54. These customs and practices embrace and enable assault tactics such as deployed by Defendants against Plaintiff and mass arrestees on the evening of April 29, 2015.

55. Upon information and belief, Defendants have relied upon indiscriminate and illegal assault and mass arrest tactics such as deployed on the evening of April 29, 2015 because such tactics are more useful for effectively chilling individuals' First Amendment protected rights to free speech and association than the Constitutionally-required tactic of developing individualized probable cause to effect specific arrests of individuals.

56. Upon information and belief, the Defendants' probable-cause-less arrest and overnight detainment of Plaintiff was a direct result of pre-planned and calculated

decisions by Defendant MAYOR WILLIAM DEBLASIO and Defendant NEW YORK CITY POLICE COMMISSIONER WILLIAM intended to chill Plaintiffs' First Amendment protected rights to free speech and association.

57. Upon information and belief, the Defendants' probable-cause-less arrest and overnight detainment of Plaintiffs was an indirect result of policies and practices both approved and ratified by Defendant CITY OF NEW YORK as well as supported and carried out by Defendant NEW YORK CITY POLICE DEPARTMENT to effectively chill and suppress Plaintiff's, mass arrestees', and generally all individuals' exercise of their First Amendment protected rights to free speech and association.

58. Upon information and belief, Plaintiff was illegally arrested and detained as a result of the Defendant "John Doe" POLICE OFFICERS' attempt to meet the New York Police Department's quantitative enforcement productivity goals, arrest quotas.

59. At the time of the April 29, 2015 incident and arrest of Plaintiff, Plaintiff did not have a warrant out for his arrest.

60. At the time of the April 29, 2015 incident and arrest of Plaintiff, Plaintiff did not have a warrant out for his arrest, was not in possession of a weapon of any sort and was not in possession of a controlled substance of any sort.

61. At the time of the April 29, 2015 incident and arrest of Plaintiff, Plaintiff was not engaged in any illegal activity of any kind, but instead Plaintiff was lawfully exercising his First Amendment Protected rights to free speech and association.

62. As a result of the foregoing, Plaintiff MOHAMMED ABUJAYYAB sustained, *inter alia*, mental injuries, emotional distress, embarrassment, temporary deprivation of property, humiliation, and deprivation of his constitutional rights.

**AS A FIRST CAUSE OF ACTION**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

63. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

64. All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual Defendants and their agents, servants and employees, were carried out under the color of state law.

65. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

66. The aforementioned individual defendants in their capacities as Police Officers carried out the acts complained of, with all of the actual and/or apparent authority attendant thereto.

67. The acts complained of were carried out by the aforementioned individual defendants in their capacities as Police Officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

68. The individual Defendants, and Defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

69. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and loss of wages, and damage to his reputation and standing within his community.

70. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

**AS A SECOND CAUSE OF ACTION**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

71. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

72. Plaintiff was arrested by Defendant "John Doe" POLICE OFFICERS in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by Defendant CITY OF NEW YORK.

73. Plaintiff was arrested and held in police custody for a period of time before being released without charges.

74. Plaintiff was arrested and unnecessarily forced to wait on the aforementioned Municipal Bus for several hours before leaving to One Police Plaza.

75. Plaintiff was then unnecessarily transported to One Police Plaza by the Defendant "John Doe" POLICE OFFICERS.

76. Plaintiff was arrested and transported to One Police Plaza by the Defendant "John Doe" POLICE OFFICERS in the absence of probably cause for his arrest.

77. Plaintiff was arrested and unnecessarily forced to wait on the aforementioned

Municipal Bus for several hours before leaving to One Police Plaza.

78. Plaintiff was arrested and unnecessarily forced to wait at One Police Plaza in a holding cell only to have his arrest annulled. Plaintiff was arrested and released without charges.

79. As a result of the aforesaid conduct by Defendants, Plaintiff was subjected to illegal, improper and false arrests by the Defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

80. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages and damage to his reputation and standing within his community.

81. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

**AS A THIRD CAUSE OF ACTION**
**EXCESSIVE USE OF FORCE UNDER 42 U.S.C. §1983**

82. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

83. Plaintiff was unnecessarily handcuffed for extended periods of time by the Defendant "John Doe" POLICE OFFICERS.

84. Plaintiff was unnecessarily and violently punched multiple times on and about his head and neck by Defendant "John Doe" POLICE OFFICERS.

85. Plaintiff was unnecessarily thrown to the ground by a Defendant "John Doe" POLICE OFFICER who then proceeded to unnecessarily drag Plaintiff across the

14

ground.

86. Plaintiff was unnecessarily tackled by several Defendant "John Doe" POLICE OFFICERS.

87. Plaintiff experienced pain, bruising, abrasions, loss of circulation and numbness from being handcuffed too tightly.

88. The circumstances presented to the Defendant "John Doe" POLICE OFFICES and Defendant CITY OF NEW YORK at that time did not support any of the above applications of force on Plaintiff.

89. Plaintiff was subjected to excessive force and was assaulted by the Defendant "John Doe" POLICE OFFICERS in violation of his rights as guaranteed under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

90. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages and damage to his reputation and standing within his community.

91. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

### AS A FOURTH CAUSE OF ACTION
### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

92. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

93. The Defendants collectively had an affirmative duty to intervene on the Plaintiff's behalf to prevent the violation of his constitutional rights.

94. The Defendants collectively failed to intervene on Plaintiff's behalf in order to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

95. The Defendants collectively failed to intervene on Plaintiff's behalf in order to prevent the violation of his constitutional rights despite having substantially contributed to the circumstances within which the Plaintiff's rights were violated by their affirmative conduct.

96. The Defendants collectively had failed to intervene on Plaintiff's behalf in order to prevent the violation of his constitutional rights despite their awareness that his rights were being violated.

97. Defendant "John Doe" POLICE OFFICERS observed Plaintiff calling for help in that his flex cuffs were extremely tight causing his hand to go numb.

98. As a result of the aforementioned conduct of the individual Defendants, Plaintiff's constitutional rights were violated.

99. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages and damage to his reputation and standing within his community.

100. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

### AS A FIFTH CAUSE OF ACTION
### RETALIATION FOR FIRST AMENDMENT PROTECT EXPRESSION
### UNDER 42 U.S.C. §1983

101.  Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

102.  At or around the times that Plaintiff came into contact with Defendant "John Doe" POLICE OFFICERS, Plaintiff was or had been recently engaging in protected speech and conduct including but not limited to:

   a)  peaceably assembling in public streets for the purpose of engaging in First Amendment protected expression related to critical social issues;

   b)  documenting police conduct with respect to persons peaceably assembling in public streets for the purpose of engaging in First Amendment protected expression related to critical social issues;

   c)  commenting on police conduct in the course of arrests and police use of force in the course of arrests; and

   d)  waiting and being present in proximity with persons peaceably assembling in public streets for the purpose of engaging in First Amendment protected expression related to critical social issues.

103.  Defendants collectively took adverse action against Plaintiff for engaging in such protected speech and conduct.

104. Defendants collectively took adverse action against Plaintiff by falsely accusing him of crimes and violations.

105. Defendants collectively took adverse action against Plaintiff by taking Plaintiff into Police custody and detaining him against his will.

106. There was a causal connection between the protected speech and conduct engaged in by Plaintiff and in proximity to Plaintiff and the adverse action taken by the

Defendants, collectively.

107. The causal connection between the protected speech and conduct engaged in by Plaintiff and in proximity to Plaintiff and the adverse actions taken against him by the collective Defendants was demonstrated by, among other things, the fact that members of the NYPD have previously and on multiple occasions subsequent employed excessive force and constitutionally dubious mass arrest tactics in the context of peaceful First Amendment protected expression relating to social issues, in contexts including but not limited to the 2004 RNC, Occupied Wall Street protest, and Protest as a result of the killing of Eric Gardner, Tamir Rice and Michael Brown due to police brutality.

108. The causal connection between the protected speech and conduct engaged in by Plaintiff and in proximity to Plaintiff and the adverse actions taken against him by the collective Defendants was demonstrated by, among other things, the explicit denial by Defendant NEW YORK CITY POLICE DEPARMENT that arrests were undertaken on April 29, 2015 for violations of New York City's public assembly statutes but were instead undertaken following the perceived violation of a tacit understanding between police and protestors, which was a product of Defendant NEW YORK CITY POLICE DEPARMENT's own discretion, not a content neutral restriction on expression.

109. Plaintiff was falsely accused of crimes and violations and was taken into Police custody and detained against his will.

110. The actions of the collective Defendants heretofore described, constituted unlawful detention, imprisonment, assault and batter and were designed to and did

cause bodily harm, pain and suffering both in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for Plaintiff's exercise of his civil and constitutional rights of free speech, free expression and expressive association as guaranteed by the First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

111. That the conduct and actions of the collective Defendants, acting under color of State law, in assaulting, detaining and imprisoning the Plaintiff were done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of their acts, were done without lawful justification, and were designed to and did cause bodily harm, pain and suffering both in violation of the Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983, the United States Constitution, First, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for the Plaintiff's exercise of his civil and constitutional rights of free speech, free expression and expressive association as guaranteed by First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

112. Collective Defendants deprived Plaintiff of his liberty in violation of both his civil and constitutional rights, as guaranteed under 42 U.S.C. §1983 and set forth in the United States Constitution, First, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for the Plaintiff's exercise of his civil and constitutional rights of free speech, free expression and

expressive association as guaranteed by First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York, or for his proximity to those exercising said rights.

113. Collective Defendants' actions were undertaken under color of law and would not have existed but for Defendants using their official power.

114. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages and damage to his reputation and standing within his community.

115. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## **RELIEF REQUESTED**

**WHEREFORE**, and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

A. Invoke pendent party and pendent claim jurisdiction.

B. Award appropriate compensatory and punitive damages.

C. Empanel a jury.

D. Award Plaintiff attorney's fees and costs.

E. Award Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful practices.


Dated: December 28, 2015

Respectfully Submitted,

THE ABOUSHI LAW FIRM, PLLC
*Attorneys for Plaintiff*

By: /s/Tahanie A. Aboushi_____
Tahanie A. Aboushi, Esq. (TA-6529)
1441 Broadway Suite 5036
New York, New York 10018
Telephone: (212) 391-8500
Facsimile: (212) 391-8508
Tahanie@Aboushi.com