UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MOHAMMED ABUJAYYAB,

                    Plaintiff,

        - against -

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, and NEW YORK CITY
POLICE OFFICERS "JOHN DOE 1-10,"

                    Defendants.
-----------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

USDC SDNY
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:
DATE FILED: 12/15/16

**O R D E R**

15 Civ. 10080 (NRB)

We have reviewed plaintiff's request of December 12, 2016 for leave to file an amended complaint adding police officers Derek Pasolini and Leona Villegas as defendants, ECF No. 15, the City's responsive letter of December 13, 2016, ECF No. 16, and plaintiff's reply letter of December 14, 2016, ECF No. 17. Plaintiff's request is denied because the proposed amendment would be futile. See Jin v. Metro. Life Ins., 310 F3d 84, 101 (2d Cir. 2002).

Plaintiff alleges that during a protest in April 2015, unidentified police officers assaulted and arrested him. Proposed Am. Compl. ¶¶ 33-46, ECF No. 15-1. Based on the assertion that Pasolini is named on the arrest report as the arresting officer and Villegas is named on the report as the authority for voiding the arrest, he requests their addition as defendants. ECF No. 15, at 1. At the same time, plaintiff's allegations make clear that these

were not the officers who plaintiff claims assaulted and arrested him. Proposed Am. Compl. ¶¶ 42-43, 46 ("Upon arriving at [O]ne Police Plaza, Plaintiff was not escorted by his arresting officer. An officer for another arrestee placed his name on Plaintiff's arresting information to finish processing at the police station. The fill-in arresting officer made multiple requests for Plaintiff's release . . . . Plaintiff was held . . . for approximately three (3) hours until the Defendants Pasolini and Villegas informed Plaintiff his arrest was annulled and . . . released Plaintiff at approximately 4:00 A.M."). Clearly, plaintiff's claims do not arise from the alleged actions of Pasolini and Villegas. Thus, the addition of these officers as defendants would be futile.

Plaintiff further requests that we toll the "statute of limitations for naming additional law enforcement personnel . . . until Defendants have fully and properly disclosed the names of all officers involved and that Defendants be precluded from opposing Plaintiff's future request to amend the Complaint to conform to information that is made available at said time." ECF No. 17, at 1. This request is denied because it asks for an impermissible advisory opinion. We also note that there appears to be no practical need for the request at this time, given that the events are alleged to have occurred in April 2015 and there is a three-year statute of limitations on Section 1983 cases.

2

The parties are directed to confer and submit a proposed discovery schedule to this Court by January 5, 2017.

**SO ORDERED.**

Dated:     New York, New York
           December 15, 2016

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE